J. C. WILLIAMS, *Constable*, AND RUFUS CONE, *Sheriff*, v. ELIZABETH WHITE.

No. 287.

DEBTOR AND CREDITOR—*Fraud—Conduct of Debtor.* The following instruction was refused: "The law presumes that every man intends the necessary consequences of his acts, and where the conduct of the debtor necessarily results in the defrauding his creditors, he is presumed to have foreseen and intended such result." *Held*, Under the issue and the evidence, the instruction should have been given or the rule stated included in the general charge.

Error from Sedgwick district court; C. REED, judge. Opinion filed July 13, 1898. Reversed.

*Daugherty & Evans,* for plaintiffs in error.

*Amidon & Conley,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: On the 19th day of June, 1891, and for several years prior thereto, W. B. Nichols was engaged in carrying on the business of retail dealer in cigars, tobacco, pipes and other merchandise of that character in the city of Wichita. Prior to that date, and up to about the 17th day of August, 1890, Nichols had been purchasing merchandise to be sold in his business from J. T. Campbell & Co., and was indebted to them on account for goods purchased in a sum between $300 and $400. On that date and prior thereto, Nichols was indebted to the Fourth National Bank of Wichita in the sum of $150. On the 19th day of June, 1891, while Nichols was indebted to Campbell & Co. and the bank, he executed a note for $571.51 to Elizabeth White, and to secure the same gave a chattel mortgage on his stock of merchandise and fixtures. This note and mortgage were left with

S. B. Amidon, attorney for Mrs. White. The mortgage was filed for record on the 17th day of August, 1891. There was no change of the possession of the stock covered by the mortgage up to that time. Shortly after the mortgage was filed suits were brought by Campbell & Co. and the bank against Nichols. Attachments were issued and the entire stock and fixtures levied upon.

The defendant in error commenced an action in replevin. The plaintiffs in error gave a redelivery bond, retained possession of the property, and the same was sold to satisfy the claims of Campbell & Co. and the bank.

In the court below, Elizabeth White alleged that she was the general owner and entitled to the immediate possession of the property, and damages in the sum of $300. The plaintiffs in error filed a general denial. On the trial, plaintiff below introduced in evidence her note and mortgage; also evidence tending to prove possession. The plaintiffs in error defended on the ground (quoting from their brief):

"That the note and mortgage were fraudulent, and that no real or *bona fide* indebtedness existed in favor of the mortgagee; but that the mortgage was made for the purpose of hindering, delaying and defrauding the creditors of Nichols; that the withholding the mortgage from record and keeping it a secret, and permitting Nichols to remain in possession and carry on the business as if no mortgage had been given, and using the proceeds at his discretion, made the mortgage fraudulent; and also, that the mortgagee was charged with the proceeds of sales over and above the amount set aside for expenses; and that these proceeds over and above expenses, at the time of the commencement of the attachment suits, amounted to more than enough to pay the amount claimed to be due under the chattel mortgage."

The case was tried to a jury, and a general verdict was rendered in favor of the defendant in error, plaintiff below, for the return of the property, fixing its value at the sum of $650. The defendants below bring the case here for review.

It is contended that the trial court erred in refusing to give the following instruction:

"The law presumes that every man intends the necessary consequences of his acts, and where the conduct of the debtor necessarily results in defrauding his creditors he is presumed to have foreseen and intended such result."

This is a correct statement of the law. The evidence introduced is too voluminous for an abstract to be given, but the conduct of the debtor and the defendant in error, as disclosed by the testimony, is a departure from the natural and usual course. The intent, the motive, of the debtor and the defendant in error was a matter for the consideration of the jury, and the failure to embody the rule of law stated in the instruction refused in the general charge was error. (*Gollober v. Martin, Sheriff*, 33 Kan. 252.)

There is force in the criticism of the language used in the instructions given at the request of the defendant in error, but as this error is not likely to occur again we deem further comment unnecessary.

The judgment of the district court is reversed.